**FILED**

**FOR PUBLICATION**

**OCT 03 2011**

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WASHINGTON STATE; THE PEOPLE OF THE STATE OF CALIFORNIA, ex rel. Kamala D. Harris, Attorney General of the State of California, as parens patriae on behalf of natural persons residing in the state; THE STATE OF CALIFORNIA; ALAMEDA COUNTY; CITY OF LONG BEACH; CITY OF LOS ANGELES; CITY OF OAKLAND; CITY OF SAN DIEGO; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN JOSE; CONTRA COSTA COUNTY; CORONA-NORCO UNIFIED SCHOOL DISTRICT; ELK GROVE UNIFIED SCHOOL DISTRICT; FRESNO COUNTY; FRESNO UNIFIED SCHOOL DISTRICT; GARDEN GROVE UNIFIED SCHOOL DISTRICT; KERN COUNTY; LOS ANGELES COUNTY; LOS ANGELES UNIFIED SCHOOL DISTRICT; OAKLAND UNIFIED SCHOOL DISTRICT; ORANGE COUNTY; SACRAMENTO COUNTY; SAN DIEGO CITY UNIFIED SCHOOL DISTRICT; SAN FRANCISCO UNIFIED SCHOOL DISTRICT; SAN JOAQUIN COUNTY; SAN JUAN UNIFIED SCHOOL DISTRICT; SAN MATEO COUNTY; SANTA CLARA COUNTY; SANTA BARBARA COUNTY; SONOMA COUNTY; SWEETWATER UNION HIGH SCHOOL DISTRICT; TULARE | No. 11-16862<br><br>D.C. Nos.  3:10-cv-05212-SI<br>3:10-cv-05711-SI<br><br>OPINION |

COUNTY; VENTURA COUNTY; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,

        Plaintiffs - Appellees,

 v.

CHIMEI INNOLUX CORP.; CHI MEI OPTOELECTRONICS USA, INC.; CMO JAPAN CO., LTD.; EPSON IMAGING DEVICES CORPORATION; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI ELECTRONICS DEVICES (USA), INC.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONICS COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; TOSHIBA MOBILE DISPLAY TECHNOLOGY CO., LTD., FKA Toshiba Matsushita Display Technology Co., Ltd.; EPSON ELECTRONICS AMERICA, INC.,

        Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

-2-

Argued and Submitted September 13, 2011
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District Judge. *

Opinion by Judge Sidney R. Thomas

THOMAS, Circuit Judge:

This appeal presents the question, *inter alia*, of whether *parens patriae* actions filed by state Attorneys General constitute class actions within the meaning of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711–15). We conclude that they do not, and we affirm the remand order entered by the district court.

I

The Attorneys General of Washington and California filed *parens patriae* actions in their states' courts alleging that Defendants engaged in a conspiracy to fix the prices of thin-film transistor liquid crystal display ("TFT-LCD") panels, and that state agencies and consumers were injured by paying inflated prices for products containing TFT-LCD panels.

---

*The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for Northern Ohio, Cleveland, sitting by designation.

The complaints allege that between 1998 and 2006, Defendants engaged in an international conspiracy to fix the prices of TFT-LCD panels in violation of state antitrust laws, which resulted in higher prices for state agencies and citizens purchasing products containing TFT-LCD panels.[1]

The Attorney General of Washington, in the name of the state and as *parens patriae* on behalf of state citizens, filed an antitrust lawsuit against Defendants in state court. The Attorney General's complaint in this litigation alleges violations of the Act and seeks: (1) declaratory and injunctive relief; (2) civil penalties; (3) and damages and restitution "to the State of Washington on behalf of its state agencies and consumers." The consumers are Washington residents who purchased finished products, such as televisions and cell phones, containing TFT-LCD panels.

The Attorney General of California filed a similar complaint in state court, as *parens patriae* on behalf of California residents. The California Attorney General's complaint alleges statutory violations and unjust enrichment and seeks: (1) declaratory and injunctive relief; (2) civil penalties; and (3) restitution and

---

[1] Class actions asserting the same price-fixing claims against the same Defendants had been filed as early as 2006. Those actions were consolidated in April 2007 as Multi-District Litigation No. 1827 in the Northern District of California.

-4-

treble damages for state agencies, municipalities, and California residents who purchased finished products containing TFT-LCD panels.

Defendants removed the California action to the United States District Court for the Northern District of California and the Washington action to the United States District Court for the Western District of Washington, alleging federal jurisdiction under CAFA. Specifically, Defendants alleged that consumers were the real parties in interest for the monetary relief claims, and that therefore the States' *parens patriae* claims were disguised class actions removable under CAFA.

Both California and Washington moved to remand to their respective state courts, contending that removal under CAFA was improper. The district court granted both States' motions to remand. This timely appeal followed.

We review the question of whether these actions were properly remanded to the State courts from which they were removed *de novo*. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006); *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004). Similarly, we review the "construction, interpretation, or applicability" of CAFA *de novo*. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005).

II

A federal court has jurisdiction over a civil case initiated in state court and removed by the defendant to federal district court if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005).

Congress enacted CAFA to "'curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts.'" *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010) (quoting *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009)). CAFA vests a district court with original jurisdiction over "a class action" where: (1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2), (5)(B), (6).

CAFA authorizes the removal of class action lawsuits from state to federal court when the jurisdictional requirements are satisfied. 28 U.S.C. § 1332(d)(2). However, the general principles of removal jurisdiction apply in CAFA cases. The right of removal is statutory, and the requirements strictly construed. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The burden of

establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal. *Id.* at 686.

A

In applying these principles, the district court correctly concluded that *parens patriae* suits filed by state Attorneys General may not be removed to federal court because the suits are not "class actions" within the plain meaning of CAFA. Accordingly, the district court properly remanded the actions.

The doctrine of *parens patriae* allows a sovereign to bring suit on behalf of its citizens when the sovereign alleges injury to a sufficiently substantial segment of its population, articulates an interest apart from the interests of particular private parties, and expresses a quasi-sovereign interest. *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982). Relevant to this action, the Washington Consumer Protection Act authorizes the Attorney General to file a suit "as parens patriae on behalf of persons residing in the State" to "prevent the doing of any act herein prohibited or declared to be unlawful." Wash. Rev. Code § 19.86.080(1). Similarly, California law empowers the Attorney General power to file a suit as *parens patriae* to "secure monetary relief. . . for injury sustained by those natural persons to their property by reason of any violation of this chapter." Cal. Bus. & Prof. Code § 16760(a)(1); *see also* Cal. Bus. & Prof. Code § 17204.

The question of whether these *parens patriae* lawsuits are class actions within the meaning of CAFA is one of statutory construction. As always, our starting point is the plain language of the statute. *Children's Hosp. & Health Ctr. v. Belshe*, 188 F.3d 1090, 1096 (9th Cir. 1999). "[W]e examine not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy." *Id.* If the plain meaning of the statute is unambiguous, that meaning is controlling and we need not examine legislative history as an aid to interpretation unless "the legislative history clearly indicates that Congress meant something other than what it said." *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (en banc). If the statutory language is ambiguous, then we consult legislative history. *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999).

There is no ambiguity in CAFA's definition of class action. CAFA defines the term class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure *authorizing an action* to be brought by 1 or more representative persons *as a class action*." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). Under this definition, a suit commenced in state court is not a class action unless it is brought under a state statute or rule similar to Rule 23 that authorizes an action "as a class action." *Id.*

Neither lawsuit was filed under Rule 23 of the Federal Rules of Civil Procedure or any similar state statute. Unlike private litigants, the Attorneys General have statutory authority to sue in *parens patriae* and need not demonstrate standing through a representative injury nor obtain certification of a class in order to recover on behalf of individuals. *See* Wash. Rev. Code § 19.86.080; Cal. Bus. & Prof. Code § 16760. None of the state statutes contain the typical class action requirements of showing numerosity, commonality, typicality, or adequacy of representation. *See Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 946 (9th Cir. 2011) ("To maintain a class action, a plaintiff must demonstrate numerosity, commonality, typicality, and adequate representation of the class interest."). As the California Supreme Court noted:

> an action by the People lacks the fundamental attributes of a consumer class action filed by a private party. The Attorney General or other governmental official who files the action is ordinarily not a member of the class, his role as a protector of the public may be inconsistent with the welfare of the class so that he could not adequately protect their interests and the claims and defenses are not typical of the class.

*People v. Pacific Land Research Co.*, 569 P.2d 125, 129 (Cal. 1977) (citations and footnotes omitted).

As the California Supreme Court also noted, a statutory *parens patriae* action may well result in a settlement that does not include restitution to victims of

-9-

the fraud, but only results in penalties paid to the public treasury. *Id.* at n.6. This fact highlights the great distinction between a *parens patriae* lawsuit and a true class action.

Put another way, class actions are always representative actions, but representative actions are not necessarily class actions. Indeed, the Supreme Court has held that other representative suits are not class actions. *See Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 333-34 & n.16 (1980) ("We hold . . . that the EEOC may maintain its § 706 civil actions for the enforcement of Title VII and may seek specific relief for a group of aggrieved individuals without first obtaining class certification . . . ."). The question under CAFA is whether the state statute authorizes the suit "as a class action." The state statutes at issue here do not.

In reaching the conclusion that *parens patriae* lawsuits are not class actions within the meaning of CAFA, we join the Fourth Circuit–the only other circuit court to have squarely considered the question. *West Virginia ex rel. McGraw v. CVS Pharm., Inc.*, 646 F.3d 169 (4th Cir. 2011). In *CVS Pharmacy*, the West Virginia AG brought suit against five pharmacies alleging that they sold generic drugs to in-state consumers without passing along the cost savings, in violation of three state statutes. *Id*. at 171-72. The court identified the four requirements of Rule 23, and concluded that "while a 'similar' state statute or rule need not contain

all of the other conditions and administrative aspects of Rule 23, it must, at a minimum, provide a procedure by which a member of a class whose claim is typical of all members of the class can bring an action not only on his own behalf but also on behalf of all others in the class . . . ." *Id*. at 175. Because the state statutes did not require the AG to be designated as a representative member of the class and did not contain any numerosity, commonality, or typicality requirements, the Fourth Circuit held that the action was not covered by CAFA. *Id*. at 176.[2]

For all these reasons, we conclude that the the statutory *parens patriae* lawsuits before us are not class actions within the meaning of CAFA, and that the district court properly remanded the actions to state court.

B

---

[2] The Fifth Circuit's decision in *In re Katrina Canal Litig. Breaches,* 524 F.3d 700 (5th Cir. 2008) is not to the contrary. In *Katrina*, the Louisiana Attorney General filed a lawsuit, not under a *parens patriae* statute, but under the general state class action statute, Louisiana Code of Civil Procedure, Article 591, which contains requirements similar to Fed. R. Civ. P. 23. *Id.* at 703. Under those circumstances, the Fifth Circuit concluded that the suit was removable under CAFA. *Id.* at 706. The Fifth Circuit did not reach the question of whether statutory *parens patriae* lawsuits were class actions under CAFA and, in fact, in a subsequent case specifically noted that issue had not been decided. *See Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 430 (5th Cir. 2008) ("[W]e need not address whether this lawsuit could . . . properly proceed as a class action under CAFA.").

Defendants contend that the States' *parens patriae* suits are class actions within the meaning of CAFA because they are representative actions with sufficient "similarity" to a class action under Rule 23. They cite the Senate Judiciary Committee's instructions to interpret the definition of class action "liberally" under CAFA: "[i]ts application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority." S. Rep. No. 109-14, at 34 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 30.

Defendants' argument, however, disregards the second part of the statutory text defining class actions within the meaning of CAFA. A state action must be filed under a statute that is both "similar" to Rule 23 *and* authorizes an action "as a class action." 28 U.S.C. § 1332(d)(1). Had Congress intended CAFA to apply to any representative actions demonstrating sufficient similarity to class actions under Rule 23, it would not have also included an explicit requirement that the suit be brought "as a class action." *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." (internal quotation marks and citation omitted)). Although a comparison to the requirements for class certification under

-12-

Rule 23 can be useful in determining whether *parens patriae* suits are similar to federal class actions, it is not the end of the inquiry.

Defendants suggestion that the Senate's "explicit legislative guidance" to define class action "liberally" requires viewing *parens patriae* claims as class actions under CAFA is also unpersuasive. Even under an expansive definition, CAFA would not cover *parens patriae* suits. As we have noted, it is not only that *parens patriae* suits are not "labeled 'class actions,'" it is that they also lack statutory requirements for numerosity, commonality, typicality, or adequacy of representation that would make them sufficiently "similar" to actions brought under Rule 23, and that they do not contain certification procedures. *Parens patriae* suits lack the defining attributes of true class actions. As such, they only "resemble" class actions in the sense that they are representative suits.[3]

Defendants argue that even if the States' statutes do not contain typicality and adequacy of representation requirements, they do contain other procedural

---

[3] Furthermore, the Senate Report contains a statement implying that CAFA only applies to suits filed under a state's Rule 23 analog, which contradicts the Report's later statement that CAFA applies to all lawsuits that simply resemble class actions. S. Rep. No. 109-14, at 29, reprinted in 2005 U.S.C.C.A.N. 3, 24. ("[CAFA] defines the term 'class action' to include representative actions filed in federal district court under Rule 23 of the Federal Rules of Civil Procedure, as well as actions *filed under similar rules* in state courts that have been removed to federal court." (emphasis added)).

requirements such as notice to the affected citizens, opt-out provisions, and court-approval for any settlements.[4] According to Defendants, these procedural requirements make *parens patriae* actions sufficiently similar to class actions. However, this argument ignores CAFA's requirement that the state statute authorize the suit "as a class action" and the central requirements of class actions.

### III

Under the plain text of 28 U.S.C. § 1332(d), the *parens patriae* suits are not class actions within the meaning of CAFA. Therefore, the district court lacked jurisdiction over the actions and properly remanded them to state court. Given this conclusion, we need not, and do not, reach any other issue raised by the party.

**AFFIRMED.**

---

[4] Although California's state statute includes these types of provisions, *see* Cal. Bus. & Prof. Code § 16760(b)-(c), Washington's does not, *see* Wash. Rev. Code § 19.86.080.

## Counsel

John M. Grenfell and Jacob R. Sorenson; Pillsbury Winthrop Shaw Pittman LLP; San Francisco, CA; attorneys for appellant Sharp Corporation.

Christopher B. Hockett and Neal A. Potischman; Davis Polk & Wardwell LLP; Menlo Park; CA; attorneys for appellant Chimei Innolux Corporation, Chi Mei Optoelectronics USA, Inc., and CMO Japan Co., Ltd.

Melvin R. Goldman, Stephen P. Freccero, Derek F. Foran; Morrison & Foerster LLP; San Francisco, California; attorneys for appellant Epson Imaging Devices Corp. and Epson Electronics America, Inc.

Kent M. Roger and Herman J. Hoying; Morgan, Lewis & Bockius LLP; San Francisco, California; attorneys for appellants Hitachi, Ltd., Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Inc.

Simon J. Frankel and Jeffrey M. Davidson; Covington & Burling LLP; San Francisco, California; Attorneys for appellants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc.

Bijal Vakil; Palo Alto, California; Christopher M. Curran and Kristen J. McAhren; Washington, D.C.; and John H. Chung, New York, New York; White & Case LLP; attorneys for appellants Toshiba Corporation, Toshiba Mobile Display Co., Ltd., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.

Kamala Harris, Attorney General, State of California; and Kathleen E. Foote, Ester H. La, and Adam Miller; Deputy Attorneys General; San Francisco, California; attorneys for appellee Attorney General of the State of California.

Robert M. McKenna, Attorney General, State of Washington; and Jonathan Mark and Brady R. Johnson; Office of the Attorney General; Seattle, Washington; attorneys for appellee Attorney General of Washington.

Lawrence G. Wasden, Attorney General, State of Idaho; and Brett T. DeLange, Deputy Attorney General; Boise, Idaho; attorneys for amicus curiae States of Alaska, Arkansas, Arizona, Delaware, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Lousiana, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Mexico, North Dakota, Ohio, Oregon, South Carolina, South Dakota, Utah, Vermont, and West Virginia.